IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

L.M., A MINOR, BY HIS NEXT FRIENDS
AND PARENTS, JANE ROE #1 AND JOHN
DOE #1; M.G., A MINOR, BY HIS NEXT
FRIENDS AND PARENTS, JANE ROE #2
AND JOHN DOE #2; AND E.R., A MINOR,
BY HIS NEXT FRIENDS AND PARENTS,
JANE ROE #3 AND JOHN DOE #3,

   Plaintiff,

v.                                             Case No. 23-1574

JONATHAN GRAHAM, DETECTIVE,
LEESBURG POLICE DEPARTMENT, IN
HIS INDIVIDUAL AND OFFICIAL
CAPACITIES; JOHN DOE #4, LOUDOUN
COUNTY JUVENILE DETENTION
CENTER, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES; JOHN DOE #5,
LOUDOUN COUNTY JUVENILE
DETENTION CENTER, IN HIS
INDIVIDUAL AND OFFICIAL
CAPACITIES; JOHN DOE #6, LOUDOUN
COUNTY JUVENILE DETENTION
CENTER, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES; AND MICHELLE
F. SMITH, SUPERINTENDENT, LOUDOUN
COUNTY JUVENILE DETENTION
CENTER,  IN HER OFFICIAL CAPACITIES,

   Defendants.

**MICHELLE SMITH'S BRIEF IN SUPPORT
OF MOTION TO DISMISS**

**I.  INTRODUCTION**

This action arises out of Plaintiffs' arrest and detention at the Loudoun County Juvenile Detention Center ("Detention Center") on charges of aggravated sexual battery.  Plaintiffs have filed suit against the Superintendent of the Detention Center, Michelle Smith ("Smith"), alleging

1

that their constitutional rights were violated when they were subjected to a "strip search" after being incarcerated. Plaintiffs, however, have not alleged that Smith was personally involved in the strip search or that a specific policy of the County caused a violation of their constitutional rights. Indeed, the Supreme Court of the United States has held that it is not unconstitutional to require detainees to undergo a search while undressed. *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 322, 132 S. Ct. 1510, 1513. Plaintiffs' Complaint should be dismissed.

## II. ALLEGATIONS

1. Plaintiffs allege that they were accused of sexual assaulting an 11-year-old autistic student at their school. (ECF Doc. 1, ¶¶ 1, 24).

2. Based on that report, Plaintiffs allege that defendant, Detective Graham, swore out juvenile petitions against them for charges of Aggravated Sexual Battery in violation of Virginia Code 18.2-67.3(A)(2).[1] (*Id.*, ¶ 6).

3. Plaintiffs were arrested and incarcerated at the Loudoun County Juvenile Detention Center. (*Id.*, ¶ 7).

4. After being released from the Detention Center, the charges were eventually dismissed by the Juvenile and Domestic Relations Court for Loudoun County. (*Id.*, ¶ 9).

5. Plaintiffs have sued Michelle Smith, the Superintendent of the Detention Center, in her "personal and professional official capacity." (*Id.*, ¶ 19). The Caption of the Complaint, however, states that Michelle Smith is a defendant in her "official capacities" only.

---

[1] Aggravated sexual battery is a felony.

6. Plaintiffs allege that upon admission to the Detention Center, they were ordered to strip naked, raise their arms, squat and cough, and manipulate their genitals in view of John Doe #5. (*Id.*, ¶ 40).

7. E.R., claims that he was made to stand naked and was searched in the presence of a female correctional officer in addition to a male correctional officer, but he does not identify that female officer as a "John Doe" defendant. (*Id.*, ¶ 40). E.R. claims John Doe #4 placed his hands on E.R. and ran them over E.R.'s legs and groin. (*Id.*, ¶ 41).

8. L.M. and M.G. were held overnight at the Detention Center on November 9, 2022, and brought to the Juvenile and Domestic Relations District Court for Loudoun County for detention hearings on November 10, 2022. (*Id.*, ¶ 43).

9. E.R. was held at the Detention Center from November 10, 2022, through a detention hearing in the Juvenile and Domestic Relations District Court on November 14, 2022. (*Id.*, ¶ 44).

10. Plaintiffs allege that upon returning to the Detention Center from Court, they were required to "strip naked and repeat the same search as the previous evening." (*Id.*, ¶ 46).

11. According to Plaintiffs, they were required to return to their cells before being released to their parents' custody. Plaintiffs claim that L.M. and E.R. were again ordered to strip naked and repeat the search procedure. (*Id.*, ¶ 47-48).

12. In Count II of the Complaint, Plaintiffs allege that they were subjected to an unreasonable search in violation of the Fourth and Fourteenth Amendment. (*Id.*, ¶ 62). Plaintiffs allege in conclusory fashion that Loudoun County standard operating procedures and policy allowing the strip-search of juveniles ages 12 and 13 without reasonable suspicion of contraband is unconstitutional. (*Id.*, ¶ 63). Yet, according to Plaintiffs, Loudoun County standard operating

procedures and policy for juveniles prohibits: touching, opposite gender strip searching and single staff member strip searching except under exceptional circumstances. (*Id.*, ¶ 64).

13. In Count IV, Plaintiffs allege a state law assault and battery claim against the John Doe defendants. The heading for Count IV names "Loudoun County Juvenile Detention Center", but the allegations under this count do not reference the County, Detention Center or Smith. (*See*, *Id.*, ¶ 77-81).

### III. ARGUMENT

**A.  Standard of review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss an action if the Complaint fails to state a claim upon which relief can be granted. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In reviewing a defendant's motion under Rule 12(b)(6), a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Legal conclusions, however, enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As the court pointed out in *Iqbal,* "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (emphasis added) (internal quotations omitted).

A court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where the allegations permit a court to infer no more than a possibility of misconduct. *See Iqbal,* 556 U.S. at 678–79. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *See id.* at 678.

To state a plausible claim for relief, the Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To discount such unadorned conclusory allegations "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. This approach recognizes that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 557).

**B.     Plaintiffs have not stated a §1983 claim against Smith in her individual capacity.**

It is unclear from the Complaint whether Plaintiffs are asserting a claim against Smith in her individual capacity. The caption of the Complaint names Smith in her "official capacities" only. In paragraph 19 of the Complaint, however, Plaintiffs allege that Smith is being sued in her "personal and professional official capacity." Nevertheless, to the extent Plaintiffs are attempting to sue Smith in her individual capacity, the allegations fall short.

To that end, lawsuits against officials in their individual capacity cannot succeed absent proof of some degree of personal involvement in the alleged deprivation of rights. *Emesowum v. Arlington Cty.*, No. 1:20-cv-113, 2020 WL 3050377, at *8 (E.D. Va. June 5, 2020) (citing *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Vinnedge v. Gibbs*, 550 F.2d 926, 928–29 (4th Cir. 1977)). *See also Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Monell*, 436 U.S. 658. Plaintiffs must "affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright*, 766 F.2d at 850. *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." (emphasis added)).

Here, there are no facts in the Complaint regarding any actions purportedly taken by Smith. The allegations do not allege that Smith participated in the search of Plaintiffs, was present for the search or was involved in the search in any manner. Nor does the Complaint allege that Smith was even aware of the searches that were conducted. Because Smith is not alleged to have personally acted in a manner that deprived Plaintiffs of their rights, any purported individual capacity claim against her must be dismissed with prejudice.

To the extent Plaintiffs contend Smith maintained policies that facilitated the alleged searches, the existence of a policy alone is not sufficient to impose personal liability on a supervisor. *Pratt-Miller v. Arthur*, 701 Fed. Appx. 191, 193 (4th Cir. 2017) (unpublished). Instead, Plaintiffs must allege facts sufficient to meet the standard of knowledge and deliberate inaction outlined in *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). They have not done so here.

The Fourth Circuit has set forth three elements necessary to establish supervisory liability under 42 U.S.C. § 1983:

> (1) that the supervisor had actual or constructive knowledge that [her] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw*, 13 F.3d at 799.

The Complaint falls well short of pleading a claim for supervisory liability against Smith. Indeed, the Plaintiffs allege that the Detention Center had policies that prohibited the alleged conduct here - touching, opposite gender strip searching and single staff member strip searching except under exceptional circumstances.

Furthermore, Smith is also entitled to qualified immunity. "When a government official is sued in their individual capacity, qualified immunity protects them 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sharpe v. Winterville Police Dep't*, 59 F.4th 674, 682–83 (4th Cir. 2023) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Qualified immunity, therefore, "protects all but the plainly incompetent or those who knowingly violate the law." *Putman v. Harris*, 66 F.4th 181, 186 (4th Cir. 2023) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (cleaned up)). Courts ask two questions in determining whether qualified immunity applies: (1) "whether a constitutional violation occurred" and (2) "'whether the right violated was 'clearly established' at the time of the official's conduct." *Sharpe*, 59 F.4th at 683 (quotation omitted). Regardless of the source of authority, the "constitutional question" must have been placed "beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (internal quotation marks and citation omitted). Because the Complaint does not allege that a constitutional violation occurred as a result of Smith's conduct, or that such a right was clearly established, Plaintiffs' Complaint against Smith should be dismissed.

C.    **Plaintiffs have not stated a §1983 claim against Smith in her official capacity.**

An official-capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 n.55 (1978); *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985); *Love–Lane v. Martin,* 355 F.3d 766, 783 (4th Cir. 2004). A municipality cannot be held liable under § 1983 based on vicarious liability or a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). "Rather a more stringent standard applies to municipalities: the plaintiff must establish that the

7

deprivation occurred pursuant to a policy or custom adopted by the local governing body." *Monell*, 436 U.S. at 690-91.

To survive a motion to dismiss, Plaintiffs must plausibly allege "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Id.* at 952 (quoting *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994)). A policy or custom can arise in several ways: (1) [t]hrough an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law. *Id.*

As a threshold matter, Plaintiffs have alleged no express policy or decision enacted by the County or Smith that caused their purported constitutional violation.[2] Instead, Plaintiffs only assert in conclusory fashion that "[t]he unreasonable searches complained of were pursuant to an unconstitutional policy promulgated by Smith on behalf of Loudoun County" (*Id.*, ¶ 71) and that Loudoun County standard operating procedures and policy allow the strip-search of juveniles ages 12 and 13 without reasonable suspicion of contraband. (*Id.*, ¶ 63). But, Plaintiffs do not identify the "procedures and policy" which allegedly violated their constitutional rights, despite referring to specific operating procedures and policies that were enacted to protect their rights. (*Id.*, ¶ 62.) When a plaintiff provides only summary legal conclusions and does not specify a

---

[2] The Loudoun County Juvenile Detention Center is not a separate legal entity capable of being sued. "'Under Virginia law … an operating division of a governmental entity … cannot be sued unless the legislature has vested the operating division with the capacity to be sued.'" *Smith v. Town of South Hill*, 611 F. Supp. 3d 148, 167 (E.D. Va. 2020) (quoting *Mukuna v. Gibson*, No. 1:11-cv-493, 2011 WL 3793336, at *5 n.2 (E.D. Va. Aug. 25, 2011) and finding that a local police department is not an entity with the capacity to be independently sued). Accordingly, any official capacity claim must be asserted against the County.

8

policy, custom, or any affirmative decision of policymaking individuals that might serve as a basis for municipal liability, dismissal is appropriate. *Godfrey v. Faulkner*, No. 7:13-cv-00454, 2014 WL 4388407, at *2 (W.D. Va. Sept. 5, 2014); *see also Walker v. Prince George's County, Md.*, 575 F.3d 426, 431 (4th Cir. 2009).

Moreover, "[i]t is well settled that 'isolated incidents' of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes. Rather, there must be 'numerous and particular instances' of unconstitutional conduct in order to establish a custom or practice." *Lytle v. Doyle*, 326 F.3d 463, 473 (citing *Carter*, 164 F.3d at 220; *Kopf v. Wing*, 942 F.2d 265, 269 (4th Cir. 1991)). Proof of the "incident of unconstitutional activity charged is not sufficient to prove the existence of a municipal custom." *Semple*, 195 F.3d at 713-14 (4th Cir. 1999) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1387, at 1387-88 (4th Cir. 1987); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)). Generally, one occurrence of alleged discrimination is not sufficient to constitute a "policy" or "custom". *Williams v. City of Charlottesville*, No. 94-0050-C, 1996 WL 335377, at *7 (W.D. Va. May 23, 1996). Nor does the Complaint allege a failure to train or factual allegations sufficient to assert a claim of deliberate indifference on the part of Smith. Accordingly, because the Complaint does not allege facts to establish an official policy violated their constitutional rights, the Complaint against Smith in her official capacity should be dismissed.

Furthermore, the Supreme Court of the United States has already rejected Plaintiffs' conclusory assertion that a policy of permitting strip-searches of detainees entering a detention center without probable suspicion of contraband is unconstitutional. To that end, the Court held that "correctional officials have a legitimate interest, indeed a responsibility, to ensure that jails are not made less secure by reason of what new detainees may carry in on their bodies. Facility

personnel, other inmates, and the new detainee himself or herself may be in danger if these threats are introduced into the jail population." *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 322, 132 S. Ct. 1510, 1513 (2012)("Detecting contraband concealed by new detainees, furthermore, is a most serious responsibility."). See *Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of retained constitutional rights of both convicted prisoners and pretrial detainees").

Thus, the Supreme Court held that an unclothed search of detainees entering a detention center, similar to the search alleged by the Plaintiffs here, does not violate a detainee's Fourth or Fourteenth Amendment rights. *Florence*, 566 U.S. 318, 321-22 (2012) ("People detained for minor offenses can turn out to be the most devious and dangerous criminals."); *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 206 (4th Cir. 2014).

The Supreme Court's decision in *Florence* has likewise been held to apply to juvenile detention centers. *J.B. ex rel. Benjamin v. Fassnacht*, 801 F.3d 336, 342 (3rd Cir. 2015) (acknowledging "the realities of detention, irrespective of age" and that a "detention facility is a unique place fraught with serious security dangers.") To that end, the Third Circuit held that "any individualized, reasonable suspicion inquiry falters in juvenile detention centers for the same reasons it does so in adult facilities." *Id.*, at 344. This is because the security risks, including the risk of drugs use and overdoses, are similar irrespective of whether the facility hosts adults or juveniles. *Id.*, at 346-47. Similarly, the Fifth Circuit has agreed that *Florence's* holding applies with "equal force to juvenile detention centers as it does to adult correctional institutions." *Mabry v. Lee Cnty.*, 849 F.3d 232, 238 (5th Cir. 2017) ("we read *Florence* to mean that, in the correctional context—whether juvenile or adult—courts, which are not experts,

should still defer to officials who are. The logic underlying *Florence*'s deferential test thus compels the conclusion that the deference given to correctional officials in the adult context applies to correctional officials in the juvenile context as well.")

Accordingly, Plaintiffs' constitutional rights were not violated by an official policy of Loudoun County despite Plaintiffs' generic and conclusory legal allegation to the contrary. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F. 3d 250, 255 (4th Cir. 2009) ("[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.")

D. **Count IV does not state a claim against Smith.**

In Count IV, Plaintiffs allege a state law assault and battery claim against the John Doe defendants. It is unclear whether Plaintiffs are also attempting to state a claim against Smith in her official capacity as the heading for Count IV names "Loudoun County Juvenile Detention Center", but the allegations under this count do not reference the County, Detention Center or Smith. (*See*, *Id.*, ¶¶ 77-81). For that reason alone, Count IV should be dismissed against Smith.

Even so, if Plaintiffs were attempting to assert a *respondeat superior* or vicarious liability claim against Smith in her official capacity, that claim is barred by sovereign immunity. To that end, Loudoun County has absolute sovereign immunity from state law claims sounding in tort. *See, e.g.*, *Mann v. Arlington County Board*, 199 Va. 169, 174 (1957); *Seabolt v. County of Albemarle*, 283 Va. 717 (2012) ("Counties, as political subdivisions of the Commonwealth, enjoy the same tort immunity as does the sovereign. Consequently, a county cannot be sued unless and until that right and liability be conferred by law.") Thus, a county is entitled to sovereign immunity even if its employees commit an act of gross negligence or an intentional tort. *See Niese v. City of Alexandria*, 264 Va. 230, 564 S.E.2d 127, 132-33 (2002) (a

11

municipality is immune from liability for intentional torts committed by an employee during the performance of a governmental function). Accordingly, to the extent a claim in Count IV is being asserted against Smith in her official capacity, it must be dismissed.

                                                **MICHELLE F. SMITH,**
                                                **SUPERINTENDENT, LOUDOUN**
                                                **COUNTY JUVENILE DETENTION**
                                                **CENTER**

                                                By Counsel

/s/Jeremy D. Capps
Jeremy D. Capps (VSB No. 43909)
Blaire H. O'Brien (VSB No. 83961)
Michelle F. Smith, Superintendent, Loudoun County Juvenile Detention Center
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
bobrien@hccw.com

# **C E R T I F I C A T E**

I hereby certify that on the 5th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Daniel H. Goldman, Esq.
The Law Office of Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
202-677-5709 - Phone
833-523-2310 - Fax
dan@dangoldmanlaw.com

Jonathan P. Sheldon, Esq.
VSB No. 66726
Sheldon & Flood, PLC
10621 Jones Street, #301A
Fairfax, VA 22030-5165
703-691-8410 - Phone
703-251-0757 - Fax
jsheldon@SFHDefense.com

Heather K. Bardot, Esq.
McGavin, Boyce, Bardot, Thorsen & Katz, P.C.
9990 Fairfax Boulevard, Suite 400
Farifax, VA 22030
703-385-1000 – Phone
703-385-1555 – Fax
hbardot@mbbtklaw.com

/s/Jeremy D. Capps
Jeremy D. Capps (VSB No. 43909)
Blaire H. O'Brien (VSB No. 83961)
Michelle F. Smith, Superintendent, Loudoun County Juvenile Detention Center
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
bobrien@hccw.com