IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| L.M., a minor, by his next friends and parents, Jane Roe #1 and John Doe #1, et. al., | ) ) ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION |
| v. | ) No. 23-1574 ) ) ) |
| Jonathan Graham, et. al., | ) ) ) |
| Defendants. | ) |

MEMORANDUM IN OPPOSITION TO
DEFENDANT SMITH'S MOTION TO DISMISS

Daniel H. Goldman,
VSB #82144
The Law Office of
Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
Tel: (202) 677-5709
Fax: (833) 523-2310
dan@dangoldmanlaw.com

Jonathan P. Sheldon,
VSB #66726
Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, VA 22030
Office: (703) 691-8410
Fax: (703) 991-7413
JSheldon@SFHDefense.com

Counsel for Plaintiff

Counsel for Plaintiff

COME NOW L.M., M.G., and E.R., by their next friends and parents, and by and through undersigned counsel, to respond in opposition to Defendant Smith's Motion to Dismiss plaintiffs' Complaint and Brief in Support. Smith's Motion to Dismiss must be denied as the Complaint properly states claims on which relief should be granted and material issues of fact are in dispute.

Defendant Smith seek to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), claims against her for unconstitutional search pursuant to an unconstitutional policy, of L.M., M.G., E.R., juveniles arrested and held at the Loudoun County Juvenile Detention Facility in violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution and Virginia law. Smith argues that Plaintiffs have failed to state a claim against Smith in her individual or official capacities, under 42 U.S.C. §1983, and have failed to state a claim against Smith for assault and battery under Virginia law. Plaintiffs specifically incorporate the facts alleged in their Complaint and respond as follows to Smith's Motion to Dismiss:

I. <u>Factual Background Relevant to Opposition to Smith's Motion to Dismiss</u>

Relevant to this Opposition, this case involves the unreasonable and violative searches of three minor boys, L.M., M.G., and E.R., while under the custody and supervision of Defendant Smith, Superintendent of the Loudoun County Juvenile Detention Facility. Each of the boys was repeatedly strip-searched without probable cause and without reasonable basis in institutional security. E.R. was additionally subjected to touching while being search naked in front of an opposite-sex correctional officer.

As Superintendent of the facility, Smith is responsible for the actions of her staff both in her individual capacity for direct knowledge of the unreasonable searches, and in her official capacity for her failure to train and supervise correctional officers under her authority.

## II.    Standard on Rule 12(b)(6) Motion to Dismiss

In reviewing a 12(b)(6) motion to dismiss, a court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *E.I. du Point de Nemours & Co. v. Kolon Indus, Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *Burley v. Balt. Police Dep't*, 422 F. Supp. 3d 986, 1012 (D. Md. 2019). The proper inquiry on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support its claims." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (internal quotation marks and alteration omitted). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Federal "pleading standards require the complaint by read liberally in favor of plaintiffs." *Anderson v. Found. For Advancement, Educ. &*

*Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). As further explained and developed below, Plaintiffs' Complaint alleges claims supporting Defendant Smith's liability and states facts sufficient in support.

### III. As Superintendent of the Loudoun County Juvenile Detention Facility, Defendant Smith is Liable in Both her Individual and Official Capacities for Unconstitutional Treatment of Plaintiffs by Staff Under Her Supervision, Pursuant to 42 U.S.C. § 1983.

Defendant Smith is charged with running the Loudoun County Juvenile Detention Facility, including devising and implementing policies and procedures and training and supervising staff. While Smith cannot be held liable on a theory of *respondeat superior*, as the representative of Loudoun County Juvenile Detention Facility, and as chief rule-making authority for the facility, Smith is liable for implementing official policy and failing to train or supervise staff under her authority. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978).

Official policy of the Loudoun County Juvenile Detention Facility mandating unreasonable searches of detained juveniles establishes liability under 42 U.S.C. § 1983. "To be constitutional, a search must not be unreasonable." *Amaechi v. West*, 237 F.3d 356, 360 (4th Cir. 2001) (citing *Vernonia Sch. Dist. V. Acton*, 515 U.S. 646, 653 (1995)). While "[c]orrectional officials [may] have a significant interest in conducting a thorough search as a standard part of the intake process, *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 330 (2012), multiple strip searches after initial intake, unsupported by particularized

4

suspicion or danger, violate the Fourth Amendment protection against unreasonable search. *Cf. Cole v. Commonwealth*, 294 Va. 342.

Smith cites both *Florence v. Bd. of Chosen Freeholders of Cnty. Of Burlington*, and *J.B ex rel. Benjamin v. Fassnacht* for the proposition that strip searches of detainees, whether adult or juvenile, are always constitutional. Such is not the case. *Florence* and *J.B. ex rel. Benjamin* must be limited to their holdings, that strip-searching detainees on admission to correctional facilities does not violate the Fourth Amendment. But those holdings do not permit limitless strip-searching beyond initial intake. Under Virginia law, pretrial detainees retain the right to be protected from unreasonable searches. *Cole v. Commonwealth*, 294 Va. 342, 355, 806 S.E.2d 387 (Va. 2017) (citing *Bell v. Wolfish*, 441 U.S. 520, 558 (1979)). "Whether a search is reasonable is a fact-specific inquiry that 'requires the balancing of the need for the particular search against the invasion of personal rights that the search entails.'" *Id*. (quoting *Bell*, 441 U.S. at 559). Assessing the constitutionality of the search requires courts to "consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id*. Such a determination requires discovery of additional facts and further litigation, but the Complaint states claims against Smith that survive Rule 12(b)(6).

Here, Plaintiffs were strip-searched three and four times each, not only upon initial intake, but repeatedly in periods of one to two days, and again just before release, twice in a matter of hours. No justifiable ground exists for the repeated searches. This Court should not permit Defendant Smith and the Loudoun County

5

Juvenile Detention Facility to justify unreasonable and unconstitutional searches of juveniles by expanding the narrower holdings of *Florence* and *J.B. ex rel. Benjamin* to justify their actions.

Smith's failure to train and supervise staff to limit the use of strip-searches to constitutional permissible application of institutional policy forms the basis of Plaintiffs' claims. Further factual development through discovery is necessary to litigate and adjudicate these constitutional claims and disputes over material facts.

Further, Smith's failure to train and supervise staff, enabling or encouraging departure from established policies and procedures also creates causes of action. *Monell v. Dep't Soc. Svcs. of City of New York*, 436 U.S. 658 (1978). While the Loudoun County Juvenile Detention Facility, under Smith's supervision and authority, has written policies prohibiting touching of juveniles during strip-searches and cross-gender strip-searches, and requiring multiple correctional officers to observe those searches, Smith has a duty to train and supervise staff to ensure the polices and procedures are actually implemented. *Brown v. Mitchell*, 308 F.Supp.2d 682, 706 (E.D. Va. 2004). Plaintiffs allege Defendant Smith failed her duty to train and supervise staff and thus allowed violations of established policies to go unchecked.

### a. Defendant Smith is not Protected by Qualified Immunity for her Actions in Contravention of Clearly Established Law.

Smith also asserts she is shielded from liability by qualified immunity. She is wrong. In determining whether an official is protected by qualified immunity the Court must decide whether the facts alleged show the official's conduct violated a

constitutional right and, if so, whether the right asserted was clearly established at the time of the events at issue. *Miller v. Prince George's County, MD*, 475 F.3d 621 (4th Cir. 2007).

The Fourth Amendment, as incorporated to the States by the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons … against unreasonable searches and seizures." U.S. Const. amend. IV. Although initial searches of detainees for contraband have been held constitutional by the Supreme Court in *Florence*, the Fourth Circuit has not ruled on the constitutionality of juvenile intake searches, and the searches alleged by Plaintiffs go far beyond a simple initial search upon intake. As articulated above, the minors were repeatedly searched without articulable suspicion or basis in reasonable security protocols. Each search following the initial searches at intake escalated the unreasonableness of the practices and violated the boys' constitutional rights.

IV. <u>Plaintiffs have stated a claim against John Doe 4-6 and seeks their identity in discovery.</u>

Plaintiffs clearly stated a claim that John Does 4, 5 and 6 violated the Loudoun County Juvenile Detention Center policies on strip searches. Plaintiffs will amend their complaint when they discover the John Does identity in discovery.

## CONCLUSION

WHEREFORE, for the reasons stated above and to be further articulated at a hearing on the motions, Plaintiffs respectfully ask this Court to deny the Motion to Dismiss and to open discovery in the matter.

Respectfully submitted,

7

        L.M., by his next friends and parents, Jane Roe #1 and John Doe #1;

        M.G., by his next friends and parents, Jane Roe #2 and John Doe #2;

        E.R., by his next friends and parents, Jane Roe #3 and John Doe #3;

        By Counsel

        <u>/s/ Daniel H. Goldman</u>
        Daniel H. Goldman, #82144
        The Law Office of
        Daniel Goldman, PLLC
        421 King Street, Suite 505
        Alexandria, Virginia 22314
        Tel: (202) 677-5709
        Fax: (833) 523-2310
        dan@dangoldmanlaw.com

        <u>/s/Jonathan P. Sheldon</u>
        Jonathan P. Sheldon,
        VSB #66726
        Sheldon & Flood, PLC
        10621 Jones Street, Suite 301A
        Fairfax, VA 22030
        Office: (703) 691-8410
        Fax: (703) 991-7413
        JSheldon@SFHDefense.com

<u>Certificate of Service</u>

I hereby certify that on this 20th day of February, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will serve by email a copy to the following:

Heather Kathleen Bardot
McGavin, Boyce, Bardot, Thorsen & Katz, P.C.

9990 Fairfax Boulevard
Suite 400
Fairfax, VA 20109
703-385-1000
Fax: 703-385-1555
Email: hbardot@mbbtklaw.com

Jeremy David Capps
Harman Claytor Corrigan & Wellman
Post Office Box 70280
Richmond, VA 23255
(804) 747-5200
Email: jcapps@hccw.com