IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

L.M., A MINOR, BY HIS NEXT FRIENDS
AND PARENTS, JANE ROE #1 AND JOHN
DOE #1; M.G., A MINOR, BY HIS NEXT
FRIENDS AND PARENTS, JANE ROE #2
AND JOHN DOE #2; AND E.R., A MINOR,
BY HIS NEXT FRIENDS AND PARENTS,
JANE ROE #3 AND JOHN DOE #3,

   Plaintiffs,

v.                                                                                  Case No. 23-1574

JONATHAN GRAHAM, DETECTIVE,
LEESBURG POLICE DEPARTMENT, IN
HIS INDIVIDUAL AND OFFICIAL
CAPACITIES; JOHN DOE #4, LOUDOUN
COUNTY JUVENILE DETENTION
CENTER, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES; JOHN DOE #5,
LOUDOUN COUNTY JUVENILE
DETENTION CENTER, IN HIS
INDIVIDUAL AND OFFICIAL
CAPACITIES; JOHN DOE #6, LOUDOUN
COUNTY JUVENILE DETENTION
CENTER, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES; AND MICHELLE
F. SMITH, SUPERINTENDENT, LOUDOUN
COUNTY JUVENILE DETENTION
CENTER,  IN HER OFFICIAL CAPACITIES,

   Defendants.

**MICHELLE SMITH'S REPLY BRIEF IN SUPPORT
OF MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiffs filed suit against the Superintendent of the Detention Center, Michelle Smith ("Smith"), alleging that their constitutional rights were violated when they were subjected to "strip searches" after being incarcerated. Smith filed a Motion to Dismiss because the Complaint

did not allege that Smith was personally involved in the strip search or that a specific policy of the County caused a violation of their constitutional rights. On brief, Plaintiffs now claim that Smith can be individually liable because of her "direct knowledge" of the unreasonable searches and in her official capacity for her "failure to train and supervise" the correctional officers under her authority.

Plaintiffs, however, have not alleged these theories in their Complaint nor have they alleged facts sufficient to state a cause of action under these theories. The Complaint should be dismissed.

## II. ARGUMENT

**A.     Plaintiffs have not stated a § 1983 claim against Smith in her individual capacity.**

As set out in Smith's original brief in support of the motion to dismiss, lawsuits against officials in their individual capacity cannot succeed absent proof of some degree of personal involvement in the alleged deprivation of rights. *Emesowum v. Arlington Cty.*, No. 1:20-cv-113, 2020 WL 3050377, at *8 (E.D. Va. June 5, 2020) (citing *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Vinnedge v. Gibbs*, 550 F.2d 926, 928–29 (4th Cir. 1977)). *See also Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiffs must "affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright*, 766 F.2d at 850.

The Complaint, however, does not allege that Smith took any action to deprive Plaintiffs of their rights. The allegations in the Complaint do not assert that Smith participated in the search of Plaintiffs, was present for the search, or was involved in the search in any manner. Nor does the Complaint allege that Smith was even aware of the searches that were conducted, let

alone that other "unreasonable and unconstitutional" searches were being conducted by officers at the detention center.

Further, the Fourth Circuit has set forth three elements necessary to establish supervisory liability under 42 U.S.C. § 1983:

> (1) that the supervisor had actual or constructive knowledge that [her] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

The Complaint falls well short of pleading a claim for supervisory liability against Smith. In fact, Plaintiffs allege that the Detention Center had policies that prohibited the alleged conduct here—touching, opposite gender strip searching, and single staff member strip searching except under exceptional circumstances. Plaintiffs' conclusory allegations that Smith "promulgated" an unconstitutional policy is not sufficient to state a claim against Smith. Plaintiffs' Complaint against Smith should be dismissed.

B.      **Plaintiffs have not stated a § 1983 claim against Smith in her official capacity.**

1.      **Plaintiffs have not alleged a specific policy of the Detention Center that violates their constitutional rights.**

Plaintiffs concede on brief that Smith cannot be liable on a theory of *respondeat superior* liability. *Monell*, 436 U.S. at 694; *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Plaintiffs, however, assert that Smith is liable for "implementing official policy" and "mandating unreasonable searches of detained juveniles." (ECF Doc. 27, at 4.) Yet, as explained in Smith's opening brief, Plaintiffs have not alleged that an express policy or decision enacted by the

County or Smith caused their purported constitutional violation. Instead, the Complaint relies only on the conclusory allegation that "[t]he unreasonable searches complained of were pursuant to an unconstitutional policy promulgated by Smith on behalf of Loudoun County." (ECF Doc. 1, at ¶ 71.) Likewise, Plaintiffs' opposition brief relies on these same conclusory assertions. While Plaintiffs claim that *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 322 (2012), does not allow "limitless strip-searching beyond initial intake," Plaintiffs do not allege that the County has enacted such a policy. (ECF Doc. 27, at 5.)

Plaintiffs clearly have access to the County's standard operating procedures for search procedures, because they cite to specific provisions of the policy related to "strip search procedures." (ECF Doc. 1, at ¶ 64.) It is telling that Plaintiffs do not allege the specific policy that permits strip searches of juveniles without reasonable suspicion of contraband. When a plaintiff provides only summary legal conclusions and does not specify a policy, custom, or any affirmative decision of policymaking individuals that might serve as a basis for municipal liability, dismissal is appropriate. *Godfrey v. Faulkner*, No. 7:13-cv-00454, 2014 WL 4388407, at *2 (W.D. Va. Sept. 5, 2014); *see also Walker v. Prince George's County, Md.*, 575 F.3d 426, 431 (4th Cir. 2009).

### 2. **Plaintiffs have not alleged a claim for failure to supervise or train.**

For the first time, Plaintiffs claim on brief that Smith is liable for failing to train or supervise staff. (ECF Doc. 27, at 4.) As a threshold matter, the Complaint does not allege a cause of action against Smith for failure to supervise or train Detention Center employees.

4

Indeed, those words are not even contained in the Complaint.[1]  The Complaint should be dismissed for that reason alone.

Nevertheless, Plaintiffs have not alleged facts that plausibly state such a cause of action. According to Plaintiffs, "Smith's failure to train and supervise staff to limit the use of strip-searches to constitutional permissible application" forms the basis of their claims.  (ECF Doc. 27, at6.)

Yet "[i]t is well settled that 'isolated incidents' of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes." *Lytle v. Doyle*, 326 F.3d 463, 473 (citing *Carter*, 164 F.3d at 220; *Kopf v. Wing*, 942 F.2d 265, 269 (4th Cir. 1991)).  Proof of the "incident of unconstitutional activity charged is not sufficient to prove the existence of a municipal custom." *Semple v. City of Moundsville*, 195 F.3d 708, 713-14 (4th Cir. 1999) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1387-88 (4th Cir. 1987); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)).  Moreover, as noted above, Plaintiffs' factual allegations fall short of pleading a claim for supervisory liability.

The same is true with the purported failure to train theory.  The fact that a particular officer may be insufficiently trained will not alone serve to attach liability, for the officer's shortcomings may have resulted from factors other than a faulty training program.  *City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989).

> Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal. And plainly, adequately trained officers occasionally make

---

[1] The word "supervised" is in the Complaint two times as it relates to the Plaintiffs' "supervised release."

5

> mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.

*Id. See also Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.").

A municipality's culpability is often "at its most tenuous" when a claim turns on failure to train. *Davis v. Lilly*, No. 7:23-CV-152, 2023 WL 6565288, at *6 (W.D. Va. Oct. 10, 2023). Thus, only where a failure to train reflects a "deliberate" or "conscious" choice by a municipality can there be liability for such a failure under § 1983. *City of Canton*, 489 U.S. at 389.

At the pleading stage, a plaintiff seeking to impose liability on a failure to train theory cannot rely on legal conclusions and speculations. Instead, Plaintiffs must allege at least some "facts revealing: (1) the nature of the training, (2) that the training was a 'deliberate or conscious' choice by the municipality, and (3) that the officer's conduct resulted from said training. *Davis*, 2023 WL 6565288, at *7 (finding the Complaint did not allege any factual details about the training that the Jail officers received, the deficiencies of that training, nor how those deficiencies caused Plaintiff's injuries, but instead only referred to generalized deficiencies which was inadequate to state a *Monell* claim for failure to train).

Here, however, Plaintiffs do not allege facts that plausibly show that Smith's training program or methods led to the alleged searches of the Plaintiffs. In fact, the Complaint does not allege any facts with respect to the training provided by Smith. Nor is there an allegation that Smith was aware of unconstitutional searches being conducted in the Detention Center. *Lytle,* 326 F.3d at 474 (Manager was unaware of any constitutional violations committed against protestors by the police department and the three incidents that the Plaintiff points to do not

constitute a pattern of unconstitutional conduct of which the City's final policymakers should have been aware.).

Plaintiffs' bald assertion that Smith did not properly train the detention officers is insufficient to state a § 1983 claim against Smith. Accordingly, the Complaint against her should be dismissed.

**MICHELLE F. SMITH, SUPERINTENDENT, LOUDOUN COUNTY JUVENILE DETENTION CENTER**

By Counsel

 /s/Jeremy D. Capps
Jeremy D. Capps (VSB No. 43909)
Blaire H. O'Brien (VSB No. 83961)
Michelle F. Smith, Superintendent,
Loudoun County Juvenile Detention Center
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
bobrien@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 26th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Daniel H. Goldman, Esq.
    The Law Office of Daniel Goldman, PLLC
    421 King Street, Suite 505
    Alexandria, VA 22314
    202-677-5709 - Phone
    833-523-2310 - Fax
    dan@dangoldmanlaw.com

    Jonathan P. Sheldon, Esq.
    VSB No. 66726
    Sheldon & Flood, PLC
    10621 Jones Street, #301A
    Fairfax, VA 22030-5165
    703-691-8410 - Phone
    703-251-0757 - Fax
    jsheldon@SFHDefense.com

    Heather K. Bardot, Esq.
    McGavin, Boyce, Bardot, Thorsen & Katz, P.C.
    9990 Fairfax Boulevard, Suite 400
    Farifax, VA 22030
    703-385-1000 – Phone
    703-385-1555 – Fax
    hbardot@mbbtklaw.com

                                  /s/Jeremy D. Capps
                                  Jeremy D. Capps (VSB No. 43909)
                                  Blaire H. O'Brien (VSB No. 83961)
                                  Michelle F. Smith, Superintendent, Loudoun County Juvenile Detention Center
                                  Harman, Claytor, Corrigan & Wellman
                                  P.O. Box 70280
                                  Richmond, Virginia  23255
                                  804-747-5200 - Phone
                                  804-747-6085 - Fax
                                  jcapps@hccw.com
                                  bobrien@hccw.com