IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| L.M., a minor, by his next friends and parents, Jane Roe #1 and John Doe #1, et. al., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>)   CIVIL ACTION<br>)   No. 23-1574 |
| v. | )<br>)<br>) |
| Jonathan Graham, et. al., | )<br>) |
| Defendants. | ) |

RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT
GRAHAM'S MOTION TO DISMISS AND
PLAINTIFF'S MOTION FOR DISCOVERY PURSUANT TO RULE 56(d)

Daniel H. Goldman,
VSB #82144
The Law Office of
Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
Tel: (202) 677-5709
Fax: (833) 523-2310
dan@dangoldmanlaw.com

Counsel for Plaintiff

Jonathan P. Sheldon,
VSB #66726
Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, VA 22030
Office: (703) 691-8410
Fax: (703) 991-7413
JSheldon@SFHDefense.com

Counsel for Plaintiff

1

I. <u>Preliminary Statement</u>

Defendant Graham has filed a pre-discovery motion captioned as his Motion to Dismiss, appending selected documents, videos, and audio recordings, none of which have been previously seen by the undersigned, which he asserts support his defense. Relying on this evidence is improper for a motion to dismiss and this Court should ignore it. Defendant Graham's exhibits, referred to as A-E in his Motion to Dismiss at pp. 4-5, are all new to plaintiffs who had no access to a single one of these documents, audio or video.[1] The clearly demonstrates the need for discovery and highlights the new disputes of material fact at issue in this matter, as described below. The Court should exclude the extraneous materials submitted by Defendant Graham, and Plaintiff's claims should proceed to discovery to further develop the factual record. Should the Court convert Defendant Graham's Motion to Dismiss to one for summary judgment pursuant to Rule 12(d), Plaintiff's respectfully move for discovery pursuant to Rule 56(d) to allow fair adjudication of material disputes of fact as to Graham's actions in violation of Plaintiffs' constitutional rights. The materials needed to further develop those facts are subject to protective orders in the Loudoun County Circuit Court and thus unavailable to Plaintiffs without this Court's order for discovery in the pending matter.

II. <u>Factual Background Relevant to Plaintiffs' Opposition to Graham's Motion to Dimiss</u>

---

[1] Plaintiffs did, of course, have access to plaintiff L.M.'s father's memory of his conversation with Graham, but not the recording. They also had access to their criminal defense counsels' limited memory of viewing the video interviews of A.D. and Y.A., but not the videos themselves.

Relevant to this Opposition, this case involves the wrongful arrest and overnight incarceration and strip-search of three children (ages 13, 12 and 12) on relatively wild allegations by an unreliable classmate with a demonstrable motive to fabricate and which the victim himself failed to corroborate. The most cursory of investigations would have shown that L.M. could not have possibly been a perpetrator. Defendant Graham knowingly and deliberately, or with reckless disregard for the truth, misled or lied to the Assistant Commonwealth's Attorney and Juvenile Intake for Loudoun County when he presented incomplete and false information in support of a probable cause determination for the three childrens' arrests. Had Graham presented the full facts as he knew them at the time, no reasonable prosecutor or judicial authority would have charged the children with the aggravated sexual assault of Y.A. But for Graham's unconstitutional actions, the children would not have been arrested, imprisoned, or subjected to the trauma and damage to their reputations and futures they experienced.

III. <u>Standard on Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)</u>

In reviewing a 12(b)(6) motion to dismiss, a court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *E.I. du Point de Nemours & Co. v. Kolon Indus, Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *Burley v. Balt. Police Dep't*, 422 F. Supp. 3d 986, 1012 (D. Md. 2019). The proper inquiry on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support its claims." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (internal

quotation marks and alteration omitted). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Federal "pleading standards require the complaint be read liberally in favor of plaintiffs." *Anderson v. Found. For Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). As further explained and developed below, Plaintiffs' Complaint alleges claims supporting Defendant Graham's liability and states facts sufficient in support.

IV. <u>Plaintiffs Have Stated Viable Claims Against Defendant Graham Under Both State and Federal Law</u>

In support of his Motion to Dismiss, Graham has argued (1) that claims against him in his official capacity are barred by the Eleventh Amendment and sovereign immunity, (2) that qualified immunity bars claims for malicious prosecution under 42 U.S.C. § 1983, and (3) that Plaintiffs have failed to state facts sufficient to support a state law claim for malicious prosecution. Each of these arguments fails as follows.

    a. <u>Plaintiffs' Claim that Defendant Graham Acted with Reckless Disregard for the Truth, Based on the Facts Alleged in the Complaint, is Sufficient to Survive Dismissal Under Rule 12(b)(6)</u>.

4

Plaintiffs assert in Claim I of the Complaint, that Defendant Graham violated their rights under 42 U.S.C. § 1983, by subjecting them to unreasonable seizure, in violation of their rights under the Fourth and Fourteenth Amendments. Detective Graham knowingly and deliberately, or with reckless disregard for the truth, materially misstated facts supporting his affidavits for probable cause to arrest the three minors, L.M., M.G., and E.R., or failed to include known exculpatory evidence in his affidavits that would have negated probable cause. Plaintiffs' claims are facially sufficient to survive a motion to dismiss under Rule 12(b)(6), taking the allegations of fact in the light most favorable to the Plaintiffs, as the Court must, pursuant to binding Fourth Circuit and Supreme Court precent. *See E.I. du Point de Nemours & Co. v. Kolon Indus, Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) ("a court must accept as true all of the allegations contained in a complaint," though not all legal conclusions founded thereon).

A.D., the boy who made the initial report, disclosed to Defendant Graham that he had prior negative history with L.M., undermining the reliability of his new accusations. In conjunction with L.M.'s verified alibi for the assaults—both from the photo of the gym class showing L.M. was not in it, and the fact that L.M. was in music class that period on the opposite side of the middle school (where students are confined to classes at all times and do not have the ability to move freely throughout the school)—A.D.'s admittedly biased feelings toward L.M. were sufficient to undermine any finding of probable cause in the mind of a reasonable police officer acting on good faith. Added to these faults was the fact that the alleged victim Y.A.

himself did corroborate the assault nor did he identify any of the children Defendant Graham elected to charge. Graham's failure to include the exculpatory factual context for the allegations demonstrates his reckless disregard for the truth of his statement in support of probable cause.

"'Reckless disregard' can be established by evidence that an officer acted 'with a high degree of awareness of [a statement's] probable falsity.'" *Miller v. Prince George's County, MD*, 475 F.3d 621, 627 (4th Cir. 2007) (quoting *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (internal quotation marks omitted)). "With respect to omissions, 'reckless disregard' can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" *Id.* (quoting *Beauchamp v. City of Noblesville, Inc.,* 320 F.3d 733, 743 (7th Cir.2003)).

In determining whether Graham acted with "reckless disregard for the truth," this Court must evaluate whether the facts in his affidavits for arrest of L.M., M.G., and E.R., would have supported probable cause after excising the false statements of A.D. or including the exculpatory evidence known to Graham when he swore out the affidavits. *Bonnell v. Beach*, 401 F.Supp.3d 663, 675 (E.D. Va., Richmond Division, 2019) (citing *Massey v. Ojanit*, 759 F.3d 343, 357 (4th Cir. 2014) and *Miller*, 475 F.3d at 628)). "[W]hether probable cause exists requires an examination of the totality of the circumstances that the officer knew at the time of the arrest." *Id.* at 675-76 (citing *Gilliam v. Sealey*, 932 F.3d 216, 233-35 (4th Cir. 2019); *Hupp v. Cook*, 931 F.3d 307, 317-22 (4th Cir. 2019); *Smith v. Munday*, 848 F.3d 248, 252-53 (4th Cir. 2017)

6

(applying totality of circumstances standard to determine probable cause in malicious prosecution case); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002)).

Plaintiffs' claims against Graham are supported by the facts alleged in the Complaint. Even accepting *arguendo* that the exhibits attached to Defendant Graham's Motion to Dismiss should be considered, whether Graham acted in reckless disregard for the truth constitutes a dispute of material fact requiring discovery and full adjudication on the merits of Plaintiffs' claims. The Court's findings regarding Defendant Graham's liability under Plaintiffs' claims therefore require analysis of all relevant facts, not just those asserted in Graham's Motion to Dismiss. Graham's Motion to Dismiss should therefore be denied.

### b. Defendant Graham is not Entitled to Qualified Immunity

Graham's claim of qualified immunity likewise fails. In determining whether an officer is protected by qualified immunity, the Court must decide whether the facts alleged show the officer's conduct violated a constitutional right and, if so, whether the right asserted was clearly established at the time of the events at issue. *Miller v. Prince George's County, MD*, 475 F.3d 621 (4th Cir. 2007). Defendant Graham acted in reckless disregard for the truth or knowingly and intentionally misrepresented facts in his statement of probable cause supporting Plaintiffs' arrest warrants, in violation of Plaintiffs' clearly established right against unreasonable seizure, as articulated in *Franks v. Delaware*, 438 U.S. 154, 171 (1978). He is not protected by from liability by qualified immunity.

> i. *Graham cannot shift blame to the prosecutor or judicial officer because he materially mispresented the facts in support of his statement of probable cause.*

Defendant Graham wrongly asserts that the direction of the Assistant Commonwealth's Attorney and action of Juvenile Intake intervened to absolve Graham of wrongdoing in causing Plaintiffs' arrest. While Graham is correct in stating the "action taken by an independent decision-maker 'may constitute [an] intervening superseding cause[] that break[s] the causal chain,'" Motion to Dismiss at 12 (quoting *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012)), when the affiant knowingly and intentionally, or with reckless disregard for the truth, misleads or lies to the magistrate in a statement or affidavit, the affiant may be liable. *Evans*, 703 F.3d at 648. "An independent intermediary breaks the chain of causation unless it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the [affiant]." *Id.* (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)).

Here, Graham provided incomplete and misleading information to both the prosecutor and Juvenile Intake Unit that caused Plaintiffs to be arrested. Graham was the source of the information on which charges were brought. Had Graham provided **all** the information he learned during his brief "investigation," no prosecutor or judicial officer would have allowed the case to proceed. Notably, Graham failed to inform that the alleged victim did not corroborate the assault. He failed to inform that definitive evidence from the school showed that L.M. was in another class.

Graham asserts that A.D. identified Plaintiffs as perpetrators of assaults against Y.A. But Graham knew or should have known from the outset that A.D.'s allegations were false. Graham is ostensibly an experienced law enforcement

8

professional. His professional duty required he assess the credibility and reliability of those making accusations. A.D. was an 11-year-old boy with known animus toward at least one of the Plaintiffs, L.M., with whom A.D. told Graham he had previous conflict. A.D.'s story of what had happened was also verifiably impossible, given information known to Graham before he swore out his affidavit for Plaintiffs' arrest. Graham knew that L.M. was not in the gym class during which the alleged assaults occurred, and Graham further knew that L.M. was on the other side of the school in music class.

The factual statements in the Complaint make clear that Graham acted in reckless disregard for the truth by including demonstrably false statements and omitting exculpatory information. The implausibility of A.D.'s statements, coupled with his known animus toward L.M., undermined any reasonable belief by Graham that A.D.'s version of events was true. And A.D.'s was the *only* version of events Graham heard that could have led him to believe Plaintiffs had done anything wrong. Graham then further omitted L.M.'s alibi and Y.A.'s failure to identify any of the Plaintiffs as perpetrators of an assault during his interview. Y.A. did not even articulate an assault had occurred, much less that Plaintiffs were the perpetrators.

> ii. *Graham lacked probable cause to establish that Plaintiffs had committed aggravated sexual assault against Y.A. or that an assault of that magnitude had even occurred.*

Graham asserts that Plaintiffs fail to state a claim that probable cause was lacking but materially misrepresents the facts Graham knew or presented in his affidavit of probable cause. A.D.'s statement was all that supported the allegations when Graham swore out his affidavit for probable cause, and, as articulated above,

9

A.D.'s statement was unreliable and proven false before Graham sought charges against Plaintiffs. Graham's reliance on Y.A.'s statement that unknown individuals had "XXXXXXXXXXXXX" failed to corroborate A.D.'s false claims and did nothing to identify Plaintiffs as the perpetrators. Probable cause to arrest requires an officer to have reasonable grounds to believe a crime has occurred and that the suspects committed that crime. *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) ("[t]he substance of all the definitions of probable cause is a reasonable ground for belief of guilt.") Reviewing a probable cause determination requires a court to review the officer's actions from the "standpoint of an objectively reasonable police officer." *Ornelas v. United States,* 517 U.S. 690, 696 (1996). "Probable cause . . . is not a high bar[, but i]t requires . . . [a] fair probability on which reasonable and prudent [people] act." *Kaley v. United States*, 571 U.S. 320, 338 (2014) (internal quotations and citations omitted). Whether probable cause exists "requires a determination of the totality of the circumstances that the officer knew at the time of the arrest." *Gilliam v. Sealy*, 932 F.3d 216, 233-35 (4th Cir. 2019).

A.D. and Y.A.'s statements failed by any measure to establish probable cause when considered in context and by the totality of the circumstances as required under *Franks v. Delaware* and applied in *Smith v. Munday* and throughout Fourth Circuit precedent. Although Graham was not required to conduct a full investigation prior to seeking warrants for Plaintiffs' arrest, he had actual knowledge that contradicted and rendered unreliable what he presented to the Assistant Commonwealth's Attorney and Juvenile Intake in seeking Plaintiffs' arrests. Looking to the totality of

10

the circumstances and viewing those circumstances in the light most favorable to the Plaintiffs as required, probable cause to arrest Plaintiffs was lacking and Graham's claim of qualified immunity therefore fails.

      c. <u>Defendant Graham is not Protected by Sovereign Immunity or the 11th Amendment for the Conduct Alleged in the Complaint</u>

In his conduct underlying Plaintiff's claims against him, Defendant Graham served as a police detective with the Town of Leesburg Police Department. The claims against Graham in his official capacity thus lie if viable against the municipality of Leesburg, Virginia. Graham argues that "[i]t is well established that the doctrine of sovereign immunity protects municipalities from tort liability arising from the exercise of government functions." Motion to Dismiss p. 9 (citing *Niese v. City of Alexandria*, 264 Va. 230, 564 S.E.2d 127, 132 (Va. 2002)). But, "[u]nlike counties, which share fully in the sovereign [state]'s immunity from tort, whether a [municipality] is entitled to sovereign immunity depends on the type of function it exercises when liability arises." *Baka v. City of Norfolk, Virginia*, 2022 WL 757218 (E.D. Va., Norfolk Division, 2022) (citing *Hoggard v. City of Richmond*, 172 Va. 145, 147-48 (1939)).

Detective Graham's actions in deliberately and intentionally, or with reckless disregard for the truth, swearing out affidavits for arrest of the three minors, falls short of acting in his official exercise of government function and thus subjects him to liability. Whether acting on personal animus or reckless disregard for the truth, Defendant Graham's actions fall outside the role of official municipal agent and bar his sovereign immunity defense for actions in his "official capacity."

d. Plaintiffs Have Stated Facts Sufficient to Support a State Law Claim for Malicious Prosecution.

Although malicious prosecution claims may not be favored in Virginia, as Graham asserts, such actions "will be readily upheld" when "'the requirements (limiting such actions) have been met and the proper elements to support the action have been presented.'" *Baine v. Phillips*, 217 Va. 387, 393 228 S.E.2d 576, 581 (Va. 1976) (quoting *Wiggs v. Farmer*, 205 Va. 139, 151, 135 S.E.2d 829, 832 (Va. 1964)). And while malicious prosecution claims under Virginia law ostensibly carry the additional element of malice, "[m]alice may be inferred from a lack of probable cause." *Reilly v. Shepherd*, 273 Va. 728, 733, 643 S.E.2d 216, 219 (Va. 2007). Plaintiffs arguments and support as articulated in sections (a), (b), and (c), above support the denial of Graham's Motion to Dismiss Claim III of Plaintiff's Complaint.

V. **Defendant Graham's Introduction of Extraneous Facts and Exhibits Would Convert the Motion to Dismiss to a Motion for Summary Judgment if Defendant Graham had so Requested.**

When a defendant adds facts to a motion to dismiss, Federal Rule of Civil Procedure 12(d) requires that the motion "be treated as one for summary judgment under Rule 56" if the facts are not excluded by the court. Fed. R. Civ. P. 12(d). Plaintiffs argue that excluding the added facts is the appropriate course here.

Defendant Graham has appended to his Motion to Dismiss several exhibits he argues support his finding of probable cause to arrest L.M., M.G., and E.R. The Court must disregard these exhibits as cherry-picked by the defense without Plaintiffs' opportunity to develop facts more fully through discovery. The exhibits, in fact, support Plaintiffs' argument that Defendant Graham deliberately or with reckless

disregard for the truth misstated his statement of probable cause when he sought arrest warrants for the three children.

The exhibits include an Affidavit in Support of a Search Warrant but omit the affidavit of probable cause for arrest, and the emails (Ex. 1), Affidavit (Ex. 2), Case Supplement (Ex. 4) and recordings (Exs. 3 and 5) support Plaintiffs claims that their arrest violated their rights under the Fourth and Fourteenth Amendments. Further Defendant Graham's new information only increases the unanswered questions and our need for discovery.

For example, in the October 26, 2022, video interview of A.D. provided by Graham with his Motion to Dismiss, the video indicates for the first time to Plaintiffs that A.D. had thoroughly and exhaustively corroborated his allegations by the locker locations of the Plaintiffs. A.D. was not only asked several times about the locker locations but he drew a detailed diagram of exactly where the lockers of the assailants were located in relation to the alleged victim Y.A. Tellingly Graham makes no mention of the lockers in his Motion to Dismiss. Did Graham fail to do the obvious – go to the locker room and determine whether A.D. was correct? This seems likely, as in another document provided to Plaintiffs for the first time, Doc.21-2, it appears that on December 12, 2022, 46 days after the interview and 33 days after arresting the children he seeks to determine the locker assignments through a search warrant. Did Graham actually determine that A.D. was wrong and withhold the information? In the same affidavit in support of a search warrant Plaintiffs learn for the first time that the primary suspect as assailant was E.L. Plaintiffs also learn for the first time

that there was another witness to the alleged assault, C.D. Is the affidavit wrong, C.D. was not a witnss (again showing Graham's recklessness, as we suspect), or is C.D. another witness to the alleged assault whom might have told Graham that the Plaintiffs were not involved? The affidavit also indicates that Graham spoke with the Dean and Assistant Principal of the school, both of whom apparently had undertaken some investigation, but the Motion to Dismiss fails to state what Graham learned from them and what he asked them. Did they inform Graham that L.M. could not possibly have been involved? Did they give Graham the names of the teachers supervising the locker room and Graham failed to speak to the teachers, again showing his recklessness? A.D. insisted at least twice that the assailants used their cell phones to record the episode and Graham's pleading makes clear that he obtained at least two cell phones, but makes no mention of what he found on the phones. In the December 12, 2022, Graham affidavit he claims that L.M. (and/or his parents) refused an interview, but the only recording of a conversation with L.M.'s parents suggest that that sworn statement is false. Plaintiffs learn for the first time that in Graham's attachments that there were at least two "█████████████████" and that Graham was informed of that by school officials. There is no mention by Graham in his Motion to Dismiss of what he found – did he fail to look at the cameras prior to arresting the children, again showing his reckless disregard for their rights? Did he look at the video and fail to disclose that the video was exculpatory? Graham's exhibit 21-1 reveals that Graham was told weeks before the children's arrest that there were teachers in the locker room at the time of the alleged assault

14

but Graham makes no mention of his teacher interviews – is this because he recklessly failed to interview the teachers or interviewed them and they failed to corroborate the assault and Graham withheld that exculpatory information? These are just a few of the issues raised by Defendant Graham's new facts and evidence that easily could support the Plaintiff's case.

Only after full discovery, however, will the Court have facts sufficient to effectively evaluate Plaintiffs' claims and Defendant Graham's possible defense. As such, the suit must proceed to discovery because Plaintiffs' claims turn on, at worst, on disputed material facts.

a. <u>Standard on Summary Judgment and Mandate for Discovery</u>

If the Court were to include Graham's added facts in its analysis and convert the motion to one for summary judgment pursuant to Rule 12(d), Plaintiffs must be permitted the opportunity for discovery to effectively respond. CITE. Only after adequate discovery could the Court entertain Graham's motion for summary judgment.

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving

party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23.

A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g., Demery v. Extebank Deferred Comp. Plan (B)*, 216 F.3d 283, 286 (2d Cir. 2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition," *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal citation and quotation marks omitted). "To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery could possibly create a genuine issue of material fact sufficient to survive summary judgment or otherwise affect the court's analysis." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015).

Plaintiffs have alleged that Graham's knowledge at the time of Plaintiffs' arrests was insufficient as a matter of law to support probable cause determination,

16

and that had Graham included the full context of information he possessed at that time, no reasonable judicial authority would have found probable cause to arrest existed. At a minimum, Graham's affidavit of probable cause and the Juvenile Intake Unit's probable cause finding are needed for the Court to fully assess whether the arrest warrants could stand alone without Graham's false statements or with the inclusion of known exculpatory information. Because the test for probable cause depends on the totality of the circumstances, further discovery into Graham's investigation and knowledge prior to Plaintiffs' arrests is warranted and necessary. If the Court were to convert the Motion to Dismiss to one for summary judgment, Plaintiffs "must be given a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d), and discovery must be opened.

## CONCLUSION

WHEREFORE, for the reasons stated above and to be further articulated at a hearing on the motions, Plaintiffs respectfully ask this Court to deny Graham's Motion to Dismiss and to open discovery in the matter.

> Respectfully submitted,
> L.M., by his next friends and parents, Jane Roe #1 and John Doe #1;
>
> M.G., by his next friends and parents, Jane Roe #2 and John Doe #2;
>
> E.R., by his next friends and parents, Jane Roe #3 and John Doe #3;
>
> By Counsel

/s/ Daniel H. Goldman
Daniel H. Goldman, #82144
The Law Office of
Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
Tel: (202) 677-5709
Fax: (833) 523-2310
dan@dangoldmanlaw.com


/s/Jonathan P. Sheldon
Jonathan P. Sheldon,
VSB #66726
Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, VA 22030
Office: (703) 691-8410
Fax: (703) 991-7413
JSheldon@SFHDefense.com

## Certificate of Service

I hereby certify that on this 20th day of February, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will serve by email a copy to the following:

Heather Kathleen Bardot
McGavin, Boyce, Bardot, Thorsen & Katz, P.C.
9990 Fairfax Boulevard
Suite 400
Fairfax, VA 20109
703-385-1000
Fax: 703-385-1555
Email: hbardot@mbbtklaw.com

Jeremy David Capps
Harman Claytor Corrigan & Wellman
Post Office Box 70280
Richmond, VA 23255
(804) 747-5200
Email: jcapps@hccw.com